**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **VICTORIA RADAVICIUTE**, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 12 cv 6420 |
| **S & K LIM CLEANERS, INC., d/b/a S & K CLEANERS,** an Illinois corporation; | ) ) ) ) | Honorable John W. Darrah |
| Defendant. | ) | |

## PLAINTIFF'S PROPOSED FED. R. CIV. P. 26(f) DISCOVERY PLAN

NOW COMES Plaintiff VICTORIA RADAVICUTE, by and through counsel, and, for her *Proposed Fed. R. Civ. P. 26(f) Discovery Plan,* states as follows:

On November 14, 2012, counsel for the parties attended a status hearing before the Court. (Docket No. 15). During that status hearing, Plaintiff's counsel informed the Court that settlement negotiations were no longer proceeding, and therefore requested that the Court enter a Fed. R. Civ. P. 26(a)(1) disclosure deadline and allow the parties to formally commence discovery. Additionally, counsel for the parties represented to the Court that they would conduct a Fed. R. Civ. P. 26(f) scheduling conference.

Accordingly, the Court entered an Order setting a Rule 26(a)(1) disclosure deadline, and setting a scheduling conference for January 10, 2013. (Docket No. 15).

On November 15, 2012, Plaintiff's counsel e-mailed Defendant's counsel attempting to set up a Rule 26(f) conference. (See Exhibit A). Defendant's counsel replied that he was going out of town and would not be back until November 26, 2012, and suggested that the conference

be held on November 29 or 30, 2012. (*See* Exhibit B). Plaintiff's counsel responded that he would be available either day. (*See* Exhibit C).

However, Defendant's counsel never confirmed either date, or contacted Plaintiff's counsel to otherwise schedule the Rule 26(f) conference. Plaintiff's counsel again e-mailed Defendant's counsel to attempt to set up a Rule 26(f) conference on November 30, 2012. (*See* Exhibit D). Defendant's counsel did not reply, so Plaintiff's counsel called Defendant's counsel's office on December 3, 2012 and left a message. Inexplicably, Defendant's counsel has yet to return the message.

Rule 26(f) is clear that the parties "must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f). However, Defendant's counsel has made it clear that he does not intend to conduct the required conference with Plaintiff's counsel, and has taken it a step further by refusing to even respond to Plaintiff's counsel's communications regarding the conference.

Because it has been twenty-one (21) days since the Court's order directing the parties to engage in a Rule 26(f) conference and Defendant's counsel refuses to communicate with Plaintiff's counsel, Plaintiff hereby submits her proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and requests that the Court enter a scheduling order under Rule 16(b) in accordance with her proposed discovery plan.

**I.     What Changes Should Be Made in the Timing, Form, or Requirement for Disclosures under Rule 26(a), Including a Statement of When Initial Disclosures Were Made or Will Be Made. Fed. R. Civ. P. 26(f)(3)(A).**

None. The Court has ordered the parties to exchange Rule 26(a)(1) disclosures by December 5, 2012.

II. **The Subjects on Which Discovery May Be Needed, When Discovery Should Be Completed, and Whether Discovery Should Be Conducted in Phases or Be Limited to or Focused on Particular Issues; Fed. R. Civ. P. 26(f)(3)(B).**

(a) Discovery will be needed on the following subjects, and should not be conducted in phases or bifurcated:

(i) Rule 23 issues of numerosity, commonality, and typicality.

(ii) Total number of electronically printed guest receipts printed at Defendant's establishment during the class period.

(iii) Defendant's knowledge of FACTA's requirements and any internal policies and/or efforts designed to ensure compliance with FACTA.

(iv) Defendant's compliance efforts.

(v) The identity and location of putative class members.

(vi) The adequacy and typicality of Plaintiff as putative class representative.

(vii) Plaintiff's and putative class members' actual damages, if any.

(b) Discovery should proceed on the following schedule:

(i) All non-expert fact discovery to be completed by July 30, 2013.

(ii) Reports from retained experts under Rule 26(a)(2) due:

(A) From both parties by September 30, 2013.

(B) Rebuttal Reports from both parties by November 30, 2013.

(iii) All retained expert depositions to be completed by January 30, 2014.

III. **Any Issues about Disclosure or Discovery of Electronically Stored Information, Including the Form or Forms in Which it Should Be Produced. Fed. R. Civ. P. 26(f)(3)(C).**

At this time, Plaintiff does not anticipate any issues regarding ESI in this case.

**IV.     Any Issues about Claims of Privilege or of Protection as Trial-Preparation Materials, Including—if the Parties Agree on a Procedure to Assert These Claims after Production—Whether to Ask the Court to Include Their Agreement in an Order.  Fed. R. Civ. P. 26(f)(3)(D).**

At this time, Plaintiff does not anticipate any issues regarding claims of privilege in this case.

**V.     What Changes Should Be Made in the Limitations on Discovery Imposed under These Rules or by Local Rule, and What Other Limitations Should Be Imposed.  Fed. R. Civ. P. 26(f)(3)(E).**

None.

**VI.     Any Other Orders That the Court Should Issue under Rule 26(c) or under Rule 16(b) and (c).  Fed. R. Civ. P. 26(f)(3)(F).**

Defendant should be ordered to identify and produce copies of all insurance policies that may afford coverage for any of the claims in this case.  Defendant's counsel has represented that Defendant is refusing to tender this claim to its insurance carrier.  Thus, Plaintiff intends to tender the claim as an intended beneficiary under the policies.  *See Garcia v. Lovellette*, 265 Ill.App.3d 724, 732 (2nd Dist. 1994); *Reagor v. Travelers Insurance Co.*, 92 Ill.App.3d 99, 102-03 (1st Dist. 1980).

Date:   December 5, 2012.


                                             VICTORIA RADAVICUTE, individually, and on behalf of all others similarly situated,


                                             By:   s/Thomas A. Zimmerman, Jr.
                                                    Thomas A. Zimmerman, Jr. (#6231944)
                                                    Adam M. Tamburelli (#6292017)
                                                    ZIMMERMAN LAW OFFICES, P.C.
                                                    77 West Washington Street, Suite 1220
                                                    Chicago, Illinois 60602
                                                    (312) 440-0020 telephone
                                                    (312) 440-4180 facsimile

                                             Counsel for the Plaintiff and Class

## **CERTIFICATE OF SERVICE**

      Thomas A. Zimmerman, Jr., an attorney, hereby certifies that he caused the above and foregoing document to be served upon counsel of record in this case via the U.S. District Court CM/ECF System, prior to 5:00 p.m., on this day December 6, 2012.


                ___s/Thomas A. Zimmerman, Jr.___
                Thomas A. Zimmerman, Jr.