UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTORIA RADAVICIUTE, *individually and on behalf of all others similarly-situated*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| S & K LIM CLEANERS, INC., | ) Case No. 12-cv-6420 ) |
| Defendant/Third-Party Plaintiff, | ) Judge John W. Darrah ) |
| v. | ) ) |
| OMEGA PROCESSING SOLUTIONS, LLC; OMEGA CARD SERVICE, INC.; and PAUL C. KIM, | ) ) ) ) |
| Third-Party Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Victoria Radaviciute has brought a class action against Defendant and Third-Party Plaintiff S & K Lim Cleaners, Inc. ("S&K") relating to S&K's printing of credit card and debit card information on receipts, in violation of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g)(1). S&K, in turn, has filed an Amended Third-Party Complaint against Third-Party Defendants Omega Processing Solutions, LLC ("Omega"); Omega Card Service, Inc. ("OCS"); and Paul Kim (collectively, the "Third-Party Defendants"). The Third-Party Defendants have moved to dismiss the Amended Third-Party Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. Omega also has moved to dismiss, pursuant to Rule 12(b)(3), for improper venue.

**BACKGROUND**

The following is taken from the Amended Third-Party Complaint ("TPC"), which is assumed to be true for purposes of a motion to dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Omega provides point-of-sale ("POS") processing equipment and services to merchants, including programming and installation of those systems. (TPC ¶ 8.) OCS and Kim provide sales and support of Omega's services in Illinois. (*Id.* ¶ 9.)

On or about October 25, 2006, S&K and Omega entered into an oral agreement, which was handled by Kim, to install POS equipment for S&K. (*Id.* ¶ 10-11.) Acting on behalf of Omega, Kim represented that the card-processing terminal that he was installing met all the security requirements and all rules and regulations. Kim also orally agreed to defend and indemnify S&K in the case S&K became liable to a third party. (*Id.* ¶¶ 12-13.) At the time that Kim installed this POS equipment, FACTA was in effect and required full compliance starting December 6, 2006. However, the POS equipment installed by Kim did not comply with FACTA because it printed receipts that displayed the expiration date of credit or debit cards used by customers. (*Id.* ¶¶ 14-16.)

On August 14, 2012, Radaviciute filed this class action against S&K for violating FACTA. On September 23, 2013, S&K filed its Third-Party Complaint, asserting a claim of negligence against Omega, OCS and Kim and a claim of breach of contract against Omega. On January 5, 2014, S&K amended its Complaint to assert a claim of breach of oral contract against Omega and adding a claim for negligent misrepresentations against Omega, OCS and Kim.

**LEGAL STANDARD**

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to

dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in favor of the plaintiff. *Tamayo*, 526 F.3d at 1081.

Rule 12(b)(3) permits dismissal of a complaint for improper venue. Fed. R. Civ. P. 12(b)(3). When a defendant challenges venue, the plaintiff bears the burden of establishing that venue is proper. *Moore v. AT & T Latin America Corp.*, 177 F. Supp. 2d 785, 788 (N.D. Ill. 2001) (citing *First Health Group Corp. v. Sanderson Farms, Inc.*, No. 99 C 2926, 2000 WL 139474, at *2 (N.D. Ill. Jan. 31, 2000)). Factual conflicts are resolved in favor of the plaintiff, and the court may draw reasonable inferences from those facts. *Id*. A court is also allowed to consider facts outside of the complaint to determine if venue is proper. *AGA Shareholders, LLC v. CSK Auto, Inc.*, 467 F. Supp. 2d 834, 842-843 (N.D. Ill. 2006).

## ANALYSIS

*OCS and Kim's 12(b)(6) Motion*

OCS and Kim have moved to dismiss S&K's negligence and negligent misrepresentation claims against them. They first argue that S&K has failed to plead facts that they had a duty of care to S&K, as required to state a claim for negligence and negligent misrepresentation.

To state a claim for negligence under Illinois law, a plaintiff "must allege facts that establish the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Marshall v. Burger King Corp.,* 430, 856 N.E.2d 1048, 1053 (Ill. 2006). To state a claim for negligent misrepresentation, a plaintiff must likewise allege a breach of duty to use care in the context of the defendant communicating accurate information upon which the plaintiff reasonably relied. *Cahill v. Eastern Ben. Sys. Inc.*, 603 N.E.2d 788, 792 (Ill. App. Ct. 1992).[1] A duty exists where "defendant and plaintiff[] stood in such a relationship to each other that the law imposed upon defendant an obligation of reasonable conduct for the benefit of plaintiff[]." *Happel v. Wal-Mart Stores, Inc.*, 766 N.E.2d 1118, 1123 (Ill. 2002). The Illinois Supreme Court has identified the following relevant factors in determining whether a duty exists: "(1) the reasonable foreseeability that the defendant's conduct may injure another, (2) the likelihood of an injury occurring, (3) the magnitude of the burden of guarding against such injury, and (4) the consequences of placing that burden on the defendant." *Id.* at 1123-24 (internal citations omitted).

OCS and Kim have cited several Illinois cases, involving claims against insurance agents, for their argument that an agent is not liable for injuries to third parties. However, the cases cited by OCS and Kim make clear that, while an agent is not liable for injuries to third parties resulting from the breach of duty that the agent owes his principal, an agent may be liable where

---

[1] Specifically, to plead a negligent misrepresentation claim, a plaintiff must allege: "(1) a false statement of material fact; (2) carelessness or negligence in ascertaining the truth of the statement by the party making it; (3) an intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; (5) damage to the party resulting from such reliance; and (6) a duty on the party making the statement to communicate accurate information." *First Midwest Bank, N.A. v. Stewart Title Guar. Co.*, 843 N.E.2d 327, 332 (Ill. 2006).

4

he has assumed a separate duty to the third party. *See Bovan v. Am. Family Life Ins. Co.*, 897 N.E.2d 288, 294 (Ill. App. Ct. 2008) ("If an insurance agent acts so as to induce detrimental reliance by the proposed insured, the agent thereby undertakes an individual duty not to betray that reliance by his subsequent acts."); *Cahill*, 603 N.E.2d at 792; *Bellmer v. Charter Sec. Life Ins. Co.*, 433 N.E.2d 1362, 1366 (Ill. App. Ct. 1982). In the TPC, S&K has alleged that OCS and Kim owed a duty to S&K, not just to Omega, to install POS equipment that complied with FACTA and that they breached that duty to S&K. S&K also has alleged that Kim, as an agent of Omega, negligently and falsely misrepresented that the POS equipment did comply with all relevant rules and regulations.

With respect to the issue of duty, S&K's allegations are sufficient to state a claim for negligence against OCS and Kim. S&K's allegations are also sufficient to state a claim for negligent misrepresentation against Kim. However, S&K has made no allegations that would support that OCS, allegedly an agent of Omega, made any negligent misrepresentations to S&K. Consequently, the claim of negligent misrepresentation must be dismissed as to OCS without prejudice.

OCS and Kim next argue that the economic loss, or "*Moorman*," doctrine bars S&K's negligence and negligent misrepresentation claims. In *Moorman Mfg. Co. v. Nat'l Tank Co.*, 435 N.E.2d 443, 453 (Ill. 1982), the Illinois Supreme Court held that a plaintiff cannot recover in tort for purely economic losses caused by the defendant's negligence or negligent misrepresentations. Rather, the plaintiff must proceed in a claim for breach of contract. *See Mut. Serv. Cas. Ins. Co. v. Elizabeth State Bank*, 265 F.3d 601, 615 (7th Cir. 2001). An exception exists for negligent misrepresentations made by a defendant who is "in the business of supplying information for the guidance of others in their business transactions." *First Midwest Bank, N.A.*, 843 N.E.2d at 333-

5

334 (internal citations omitted). This exception is narrow and typically applied to pure information providers. *See, e.g., Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, 636 N.E.2d 503 (Ill. 1994) (applying exception to accountants); *Mercantile Capital Partners v. Agenzia Sports, Inc.*, No. 04 C 5571, 2005 WL 351926, at *8 (N.D. Ill. Feb. 10, 2005) (noting a defendant is generally in the "business of providing information for the guidance of others in business dealings" if it is a "pure information" provider, such as a bank providing credit information to a potential lender, real estate agent, title company, or stock broker); *First Midwest Bank, N.A.*, 843 N.E.2d at 333-335 (collecting cases). The Illinois Supreme has stated that, "[i]n short, the negligent misrepresentation exception to the *Moorman* doctrine is not applicable if the information supplied is merely ancillary to the sale of a product." *First Midwest Bank, N.A.*, 843 N.E.2d at 335.[2]

Here, the TPC is devoid of any allegations that either OCS or Kim were "in the business of supplying information." S&K argues that this is a fact question not appropriate for a motion to dismiss; however, S&K also appears to concede that it has not made even the barest of allegations that OCS or Kim were in the business of supplying information. Consequently, there are no allegations to support that either OCS or Kim fall within the exception to the *Moorman* doctrine.

---

[2] The *Moorman* doctrine also does not bar actions for fraud, including actions for fraudulent misrepresentations. *See Stewart Title Guar. Co.*, 843 N.E.2d at 337; *see also Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 568 (7th Cir. 2012). However, this fraud exception is not applicable to the present action, as S&K has not currently asserted any type of fraud claim in the TPC. Although S&K contends in its response brief that its owners, who are recent Korean immigrants, were targeted by Defendants because they have very limited fluency in English, those facts are not pled in the TPC and, therefore, cannot be considered by the Court.

As the TPC currently is pled, the *Moorman* doctrine bars S&K's claims against OCS and Kim. OCS and Kim's Motion is granted, and those Third-Party Defendants are dismissed without prejudice.

*Omega's 12(b)(6) and 12(b)(3) Motion*

Negligence Claims

Omega has also moved to dismiss S&K's claims against it. As with OCS and Kim, there are no allegations that Omega was in the business of supplying information to fall within the *Moorman* exception.[3] Therefore, for the same reasons discussed above, the *Moorman* doctrine bars S&K's negligence and negligent misrepresentation claims against Omega. S&K's negligence and negligent misrepresentation claims against Omega are dismissed without prejudice.

Breach of Oral Contract Claim

Omega also argues that S&K's breach of oral contract claim should be dismissed. To state a cause of action for breach of contract under Illinois law, a plaintiff must allege: "(1) the existence of a valid and enforceable contract; (2) plaintiff's performance of all required contractual conditions; (3) defendant's breach of the terms of the contract; and (4) damages resulting from the breach." *Lindy Lu LLC v. Ill. Cent. R.R. Co.*, 984 N.E.2d 1171, 1175 (Ill. App. Ct. 2013). The basis of S&K's oral contract claim is that Omega orally agreed, via Kim, to indemnify S&K against any third-party claims in connection with the usage or operation of Omega's POS system. (TPC ¶ 24.) S&K further alleges that Omega has breached that oral

---

[3] Likewise, there are no fraud claims currently asserted against Omega that would fall into the other *Moorman* exception. *See Stewart Title Guar. Co.*, 843 N.E.2d at 337.

indemnity agreement by not indemnifying S&K against Radaviciute's claim that S&K violated FACTA.

Omega first argues that S&K's oral contract claim should be dismissed for lack of definiteness, as well as for lack of consideration and mutual obligation. Omega cites the case, among others, *Sweig v. ABM Indus., Inc.*, 08 CV 0271, 2008 WL 2520416, at *5 (N.D. Ill. June 20, 2008), for the proposition that "[f]or an oral contract to be binding, the material terms of the agreement have to be definite enough for the court to determine the intention of the parties." On a 12(b)(6) motion, the court must look at whether the plaintiff has given the defendant fair notice of a plausible claim against it. *Tamayo*, 526 F.3d at 1081. Reading S&K's allegations in the light most favorable to S&K demonstrates that S&K has sufficiently alleged the material terms of the contract – specifically, that Omega would indemnify S&K for any legal claims arising out of its equipment – and that Omega received consideration in return – specifically, that S&K purchased the equipment from Omega in reliance on that promise. The Court holds that S&K has provided Omega notice of its oral contract claim sufficient to withstand a motion to dismiss.

Omega next argues that S&K's breach of oral contact is barred by a written agreement between Omega and S&K. Omega has submitted a written contract, attached to its brief as Exhibit A, which Omega argues precludes S&K's contract claim. Exhibit A is made up of two documents. The first is entitled "Merchant Application," which contains S&K's order and payment information. The second is entitled "Merchant Processing Agreement," which contains standardized terms and conditions.

S&K responds that it has not alleged or otherwise referenced any written agreements in the TPC. Instead, S&K contends that its breach of contract claim, as alleged in the TPC, is

8

solely for an oral agreement between it and Omega.  S&K further states in its response brief that, although it signed the Merchant Application document, it never even received or agreed to the Merchant Processing Agreement.  S&K points out that the Merchant Processing Agreement submitted by Omega is not initialized or otherwise signed.  Furthermore, S&K has also submitted sworn affidavits from its principals that they have never seen the Merchant Processing Agreement.

Under Rule 12(d), a district court may not normally consider "matters outside the pleadings" without converting a Rule 12(b)(6) or 12(c) motion to a summary judgment motion under Rule 56.  Fed. R. Civ. P. 12(d).  There are some exceptions to this rule, however, and Omega relies on the "incorporation-by-reference" exception in arguing that this Court can consider Exhibit A upon its Rule 12(b)(6) motion.  "It is well settled that in deciding a Rule 12(b)(6) motion, a court may consider 'documents attached to a motion to dismiss . . . *if they are referred to in the plaintiff's complaint and are central to his claim*.'"  *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (quoting *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (emphasis added)); *see also Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (same).  The Seventh Circuit has stressed that this "is a narrow exception" and "not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment."  *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998); *see also Tierney v. Vahle*, 304 F.3d 734, 739 (7th Cir. 2002) (explaining that "the scope of the exception . . . is uncertain; perhaps it is or should be limited to cases in which the suit is on a contract or the plaintiff, if he has not attached, has at least quoted from, the document later submitted by the defendant").

Applying these principles, the incorporation-by-reference exception does not fit the present action. The TPC contains no mention of a written agreement, and Exhibit A is not "central" to S&K's claim of a breach of an oral contract. *See Brownmark*, 683 F.3d at 690. Nor can the TPC be read as "implicitly" incorporating Exhibit A. *Cf. Lincoln Nat'l Life Ins. Co. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 9 F.Supp.2d 994 (N.D. Ind. 1998) (excluding document submitted by defendant on 12(b)(6) motion, where document was not quoted, discussed or otherwise referenced in the plaintiff's complaint) *with Magellan Int'l Corp. v. Salzgitter Handel GmbH*, 76 F. Supp. 2d 919, 922-23 (N.D. Ill. 1999) (holding documents attached to defendant's motion to dismiss were "implicitly" incorporated into plaintiff's complaint where plaintiff attached portions of the chain of correspondence between the parties regarding transaction that was central to its claim, and defendant attached the remainder of that chain). Consequently, Exhibit A is properly excluded from consideration of Omega's Rule 12(b)(6) Motion. This conclusion is further supported by the apparent factual dispute as to whether S&K executed and agreed to the entire Exhibit A.

Reading the allegations in the light most favorable to S&K, as is required, S&K has stated a claim for breach of oral contract against Omega. Omega's Motion to Dismiss is denied with respect to the breach of oral contract claim.

## Omega's 12(b)(3) Motion

Omega has also moved, pursuant to Rule 12(b)(3), to dismiss for improper venue. Omega relies solely on the forum selection clause contained in Exhibit A. For the same reasons detailed above, Exhibit A is properly excluded from Omega's Motion. As such, Omega's 12(b)(3) Motion is denied.

10

## CONCLUSION

For the foregoing reasons, Third-Party Defendants Kim and OCS's Motion to Dismiss [74] is granted; Kim and OCS are dismissed without prejudice. Third-Party Defendant Omega's Motion to Dismiss [72] is granted in part and denied in part. S&K's negligence and negligent misrepresentation claims against Omega, as contained in Counts I and III, are dismissed without prejudice. Omega's Motion to Dismiss S&K's breach of oral contract claim, as contained in Count II, is denied. Defendant/Third-Party Plaintiff S&K is granted leave to amend their Third-Party Complaint, if they can do so in accordance with Rule 11, within thirty days of this Order.

Date: May 8, 2014 _____
JOHN W. DARRAH
United States District Court Judge